UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 15-10182-RWZ

UNITED STATES OF AMERICA

v.

LUIS F. GUZMAN-ORTIZ

ORDER

June 15, 2018

ZOBEL, S.D.J.

Before me is defendant's motion in limine to exclude evidence (Docket # 225). After hearing on the motion and careful consideration of the papers, the motion is allowed in its entirety.

The firearm evidence already used to convict Soto-Peguero is not relevant to the drug charges this defendant now faces. Any marginal probative value it may have in showing defendant's knowledge of the drug activity occurring in the house is outweighed by unfair prejudice, given the availability of other less inflammatory and more directly relevant evidence on the same point. See, e.g., United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000) ("The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact by other, non-prejudicial evidence.") It is therefore excluded pursuant to Fed. Rules Evid. 401 and 403.

Admissibility of the July 3 arrest is a more difficult question.  Its temporal proximity to the charged conduct and the calls between the July 3 passenger and Soto-Peguero constitute the "special relevance" required to admit prior bad act evidence for a purpose other than propensity – here, knowledge and intent – under Fed. Rule Evid. 404.  United States v. Habibi, 783 F.3d 1, 2 (1st Cir. 2015); Fed. R. Evid. 404(b) (bad act evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

Having cleared the 404 hurdle, the evidence must still pass the 403 balancing test.  United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011).  Although no non-prejudicial alternative evidence exists to illustrate defendant's intent to engage in the drug trade, see Varoudakis, 223 F.3d at 122, I have some concerns about the confusion and delay resulting from the kind of "trial within a trial" this evidence is likely to present.  Id. at 121.  I do not resolve these concerns, however, because I ultimately conclude the evidence is inadmissible on Fourth Amendment grounds.

I have reviewed the facts as recited by the state court judge, and absent any additional and/or contravening evidence, or opposition from the government to defendant's supplemental memorandum (Docket # 230), accept her findings and agree with her analysis.  The evidence of, and flowing from, the July 3 arrest is therefore inadmissible on the record before me.  See Elkins v. United States, 364 U.S. 206, 223–24 (1960).

|     June 15, 2018     | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |